FILED

UNITED STATES DISTRICT COURT.
LAS CRUCES, NEW MEXICO

MAY 2 6 2026

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIK PALTROW,
CLERK OF COURT,

UNITED STATES OF AMERICA,              )
                                       )
            Plaintiff,                 )      CRIMINAL NO. 26-2448 mrs
                                       )
      vs.                              )
                                       )
STEPHEN CRAIG CAMPBELL,                )
                                       )
            Defendant.                 )

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11, the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **STEPHEN CRAIG CAMPBELL**, and the defendant's counsel, DAVID BENATAR:

## REPRESENTATION BY COUNSEL

1.     The defendant understands the defendant's right to be represented by an attorney and is so represented.  The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.     The defendant further understands the following rights:

    a.     to be charged and prosecuted by indictment;

    b.     to plead not guilty;

    c.     to have a trial by jury;

    d.     to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

    e.     against compelled self-incrimination.

2

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.     The defendant hereby agrees to waive these rights and to plead guilty to the Information charging in **Count 1** a violation of 18 U.S.C. § 1544:  Misuse of a Passport; charging in **Count 2** a violation of 18 U.S.C. § 1002:  Possession of false papers to defraud U.S; charging in **Count 3** a violation of 18 U.S.C. § 1028A(a)(1):  Aggravated Identity Theft; and charging in **Count 4** a violation of 18 U.S.C § 922(g)(2):  Fugitive from Justice in Possession of a Firearm and Ammunition.

## ELEMENTS OF THE OFFENSE

4.     If this matter proceeded to trial, the defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for a violation of 18 U.S.C. § 1544, Misuse of a Passport as to **Count 1**:

    a.    The defendant used any passport;

    b.    The passport was issued or designed for the use of someone other than the defendant or that the use or attempted use violated the rules governing the issuance of passports; and

    c.    The defendant used the passport willfully and knowingly, that is, deliberately, voluntarily, and knowing that the passport was issued or designed for the use of someone other than the defendant or used with the intent to violate the rules governing the issuance of passports.

5.     If this matter proceeded to trial, the defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for a violation of 18 U.S.C. § 1002, Possession of False Papers to Defraud U.S as to **Count 2**:

    a.    The defendant possessed a false, forged, or counterfeit document;

    b.    The defendant knew that the means of identification belonged to a real person;

    c.    The defendant knew the document was false, forged, or counterfeit; and

3

      d.      The defendant acted with intent to defraud the government from any sum of money.

6.      If this matter proceeded to trial, the defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for a violation of 18 U.S.C. § 1028A(a)(1), Aggravated Identity Theft as to **Count 3**:

      a.      The defendant knowingly possessed or used without legal authority a means of identification of another person or a false identification document;

      b.      The defendant knew that the means of identification belonged to a real person; and

      c.      The defendant did so during and in relation to committing Possession of False Papers to Defraud U.S. (charged as Count 2), a felony predicate offense.

7.      If this matter proceeded to trial, the defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for a violation of 18 U.S.C § 922(g)(2), Fugitive from Justice in Possession of a Firearm and Ammunition as to **Count 4**:

      a.      The defendant knowingly possessed a firearm and ammunition;

      b.      At the time of the possession the defendant was a fugitive from justice;

      c.      At the time of the possession the defendant knew he was a fugitive from justice; and

      d.      The firearm and ammunition had been shipped or transported in interstate or foreign commerce before the defendant received it.

SENTENCING

8.      The defendant understands that the minimum and maximum penalties the Court can impose as to **Count 1** are:

      a.      imprisonment for a period of not more than 10 years;

      b.      a fine not to exceed $250,000.00;

4

    c.      a mandatory term of supervised release of not more than 3 years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

    d.      a mandatory special penalty assessment of $100.00;

    e.      restitution as may be ordered by the Court.

9.    The defendant understands that the minimum and maximum penalties the Court can impose as to **Count 2** are:

    a.      imprisonment for a period of not more than 5 years;

    b.      a fine not to exceed $250,000.00;

    c.      a mandatory term of supervised release of not more than 1 year. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

    d.      a mandatory special penalty assessment of $100.00;

    e.      restitution as may be ordered by the Court.

10.    The defendant understands that the minimum and maximum penalties the Court can impose as to **Count 3** are:

    a.      imprisonment for a period of 2 years consecutive to any other term;

    b.      a fine not to exceed $250,000.00;

    c.      a maximum of one year supervised release.

11.    The defendant understands that the minimum and maximum penalties the Court can impose as to **Count 4** are:

    a.      imprisonment for a period of 10 years;

    b.      a fine not to exceed $250,000.00;

c.    a mandatory term of supervised release of not more than three years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

d.    a mandatory special penalty assessment of $100.00;

e.    forfeiture of firearms may be ordered by the Court.

12.    The parties recognize that the Sentencing Guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes. Defendant further recognizes that while the defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the defendant understands that the Court is not bound by any such estimate or prediction.

13.    The parties agree that, as part of the defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

14.    It is expressly understood and agreed by and between the defendant and the United States that:

a.    The United States has made, and will make, NO AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence is the appropriate disposition of this case.

b.    The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), any request made by the defendant or on behalf of the defendant for a particular sentence in this case, other than the recommendations agreed to below.

c.    The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared

pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

d.    Except under circumstances where the Court, acting on its own, rejects this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

DEFENDANT'S ADMISSION OF FACTS

15.    By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

7

<u>Count 1</u>:

On or about September 4, 2019, in Otero County, New Mexico, I knowingly, deliberately, and voluntarily presented a fraudulent passport bearing the name "Walter Coffman" to a Department of Motor Vehicle (DMV) employee in Cloudcroft, New Mexico, falsely representing it as my own. I used this fraudulent passport to renew a State of New Mexico driver's license under the same name, despite knowing that the passport had been issued to and was intended for the use of Walter Coffman. I was fully aware that my use of the passport violated its intended purpose. The DMV employee accepted my representation that the passport was legitimate, scanned it, and returned it to me. As a result, I was issued a State of New Mexico driver's license. I continued to possess the fraudulent passport until it was seized from my possession on February 19, 2025, when agents executed a search warrant at my residence in Otero County, New Mexico.

<u>Count 2 and 3</u>:

On or about February 19, 2025, in Otero County, in the District of New Mexico, I knowingly possessed a social security card not issued lawfully for my use with the intent to use such document to defraud the United States. Specifically, dating back to November 4, 1992, I wrote to the Social Security Administration (SSA) in an effort to have the death status of Walter Coffman removed from his records by challenging the agency's record of his death. Then, on or about October 15, 1995, I submitted a fraudulent request to the SSA for a replacement social security card in the name of Walter Coffman, fully knowing that Walter Coffman was a real person that had already passed away. The SSA issued and mailed me a social security card bearing the name Walter Coffman. As a result of these actions, I was able to apply for and receive Title II Retirement Insurance Benefits in 2015 under Coffman's identity. Through this fraudulent scheme, I began receiving U.S. government benefits, which were deposited into my bank account in Otero County, New Mexico. I admit that obtaining and possessing the fraudulent Social Security Card facilitated in my ability to successfully defraud the United States. I continued to receive these benefits until the fraudulent social security card was seized from my residence in Otero County, New Mexico, on February 19, 2025.

<u>Count 4</u>:

On February 19, 2025, in Otero County, New Mexico, I admit that I was in physical possession of a FAL, 7.62x51 mm rifle when agents arrived at my residence to execute a search warrant. Upon hearing multiple commands, I ultimately set the rifle down on the ground. During the subsequent search of my residence, agents discovered an additional 56 firearms and a substantial amount of ammunition. I knowingly possessed all 57 firearms, and I acknowledge that prior to my possession, these firearms had crossed state lines. I acknowledge that since no firearms are commercially manufactured within New Mexico, the firearms must have moved across state lines before I obtained them. Additionally, at the time of possessing the firearms and

**ammunition, I was aware that I was a fugitive from justice. Specifically, I was aware that on April 25, 1983, a warrant for my arrest was issued by the Green River Police Department in Wyoming for Failure to Appear in connection with an attempted first-degree murder charge.**

16.    By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty and agrees to affirm the facts set forth above during the plea colloquy.  The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPLUATION

17.    The defendant agrees to pay any restitution arising from Walter Coffman's Social Security earnings, should the Court determine that such earnings exist.

## RECOMMENDATIONS

18.    Pursuant to Rule 11(c)(1)(B), the United States and the defendant recommend the following:

a.    Pursuant to USSG § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct.  Consequently, so long as the defendant continues to accept responsibility for the defendant's criminal conduct, the defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, of an additional one-level reduction pursuant to USSG § 3E1.1(b).  This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States probation officer who prepares the presentence report in this case in which the defendant clearly establishes the defendant's entitlement to this reduction.

9

b.      Apart from the provisions in this plea agreement, the United States and the defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines and adjustments under the guidelines.

19.     The defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report.  Further, the defendant understands that the Court may choose to vary from the advisory guideline sentence.  The defendant understands that if the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the defendant, or if the Court varies from the advisory guideline range, the defendant will not seek to withdraw the defendant's plea of guilty.  In other words, regardless of any recommendations of the parties, the defendant's final sentence is solely within the discretion of the Court.

RESTITUTION

20.     The defendant understands that restitution is this case is mandatory, pursuant to 18 U.S.C. § 3663A.  The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw the defendant's guilty plea. The defendant further agrees to comply with any restitution order entered into at the time of sentencing. The defendant further agrees that the defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. The defendant agrees to make full restitution for the provable losses caused by the defendant's activities. The defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result

in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

21.    The defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, the defendant agrees that, before sentencing, the defendant shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly by the defendant. The defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since September 4, 2019, including the location of the assets and the identity of any third party.

22.    The parties will jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution is paid in full. *See* 18 U.S.C. § 3664(k), (n).

23.    The parties will also jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, before the defendant transfers any interest in property owned directly or indirectly by the defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. *See* 18 U.S.C. § 3664(k), (n).

24.    The defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and will be subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the

judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

FORFEITURE

25.     The defendant agrees to forfeit, and hereby forfeits, whatever interest the defendant may have in any asset derived from or used in the commission of the offenses in this case.

26.     The defendant voluntarily and immediately agrees to forfeit to the United States all of the defendant's right, title, and interest in the following assets and properties:

a.     FEG MAK PA63 9mm Serial Number AK0351

b.     Ruger Vaquero Revolver, 44 Mag Caliber Serial Number 58-82480

c.     Ruger Vaquero Revolver, 44 Mag Caliber Serial Number 58-82528

d.     Ruger Vaquero Revolver, .357 Caliber Serial Number 58-60644

e.     Ruger Vaquero Revolver, .357 Caliber Serial Number 58-60565

f.     Ruger Vaquero Revolver, 44 Mag Caliber Serial Number 57-55959

g.     Ruger Auto Pistol, 22 Caliber Serial Number 13-89853

h.     Ruger Mark 1, 22 Caliber Serial Number 200404

i.     Winchester, Model: 69, 30 Caliber Serial Number (None)

j.     Marlin Skinner Alaskan Rifle, Model: 1895, 45-70 Caliber Serial Number 11059029

k.     Winchester Bolt Action, Model: 70, 30 Caliber Serial Number 75477

l.     Savage Arms, Model: 99, 300 Caliber Serial Number 289424

m.     Winchester, Model: 94, 22 Caliber Serial Number 2527578

n.     Henry Repeating Arms, .22 Caliber Serial Number GB038788M

o.     Remington, Model: 700, 7mm Serial Number A6357207

p.     Bolt Action Rifle, Mosin Nagant, 7.62X54 Caliber Serial Number 75931

12

q.     Bolt Action Rifle, Winchester Repeating Arms, 67A, 22 Caliber Serial Number (None)

r.     Sears, Roeback & Co. Rifle, Model: 103.16, 22 Caliber Serial Number (None)

s.     Double Barrel Shotgun Interarms, Overland, 12 gauge Serial Number T110563

t.     Revolver High Standard, Model: Double Nine .22 Caliber Serial Number 1065162

u.     Henry Repeating Arms Lever Action Rifle, .22 Caliber Serial Number C012526H

v.     Ruger Model: 10-22, 22 Caliber Serial Number 823-22980

w.     Remington 700, 7mm Serial Number G6841554

x.     Ruger Model: 10-22, .22 LR Caliber Serial Number 823-22966

y.     Century Arms Rifle, Model: AK-63D, 7.62X39 Caliber Serial Number 63D-PM01899

z.     Springfield Arms Double Barrel Shotgun, APR 20-1915, 12 gauge Serial Number E2330

aa.     Black/Brown Browning pistol Model: Buck Mark, 22 LR Caliber Serial Number 515NP04545

bb.     Marlin Firearms Model: 1894 CB, .44 Caliber Serial Number 00121736

cc.     Stevens Arms Co. Double Barrel Shotgun Model: 5100 12 gauge Serial Number (None)

dd.     Marlin Firearms 1894, 357 Mag .38 Spc. Serial Number 95201716

ee.     Amadeo Rossi S.A 12 gauge Model: Overload Serial Number 15989

ff.     Savage Arms Model: 10, 243 Caliber Serial Number G535854

gg.     Rifle Cugir Romanian Model: 56, 7.62X39 Caliber Serial Number GM55-19

hh.     Rifle Arizona Response Systems, FAL, with scope, 7.62 Caliber Serial Number 135459

ii.     Maverick Mossberg Model: 88, 12 gauge Serial Number MV70794G

13

jj.      Black handgun, CZ, Model: 53, 7.62 Caliber Serial Number F17413

kk.      Remington 870, 12 gauge Serial Number RS84523X

ll.      Marlin 1894 Firearms .22LR Caliber Serial Number 04188278

mm.      Ruger .44 Magnum Serial Number 83-63399

nn.      Rifle Romarm SA Cugir, Model: SAR-1, 7.62X39 Caliber Serial Number 31-72514-2003

oo.      AR-15 Rifle with scope, .223 Caliber Serial Number (None)

pp.      Black Rifle M4-AR15, Make: Brownells, 6.5 Grendel Caliber Serial Number (None)

qq.      Glock 17 9X19, 9mm Serial Number WVH729

rr.      Unknown make and model of firearm .45 Caliber

ss.      Ruger SR1911, .45 Caliber Serial Number 672-2674

tt.      Mossberg 930 with band, 12 Gauge Serial Number AF171387

uu.      (U) Black Rifle, Imbell Sporter, Model: M444, .308 Caliber Serial Number 213705

vv.      Ruger P94DC, .40 Caliber Serial Number 340-63782

ww.      Black/Silver FEG PA-63 Pistol 9mm Serial Number AK0324

xx.      Black Brown AK Romarm Rifle. Model: WASR-10, 7.62 Caliber Serial Number 1-496294-03

yy.      Norinco Model 99, 12-gauge shotgun Serial Number SW000168

zz.      Winchester Model 1894 Barrel Action Serial Number (None)

aaa.      Favorite Model 1915, Receiver only Serial Number (None)

bbb.      Cimarron F.A, .44 CAL Serial Number 0591

ccc.      SKS rifle, 7.62x39mm Serial Number B07704

ddd.      Approximately 80 pounds of powders including black powder, smokeless powder, and primers.

14

27.    The Defendant consents to the prompt entry of a preliminary order of forfeiture and entry of a final order of forfeiture, pursuant to Fed. R. Crim. P. 32.2, without further notice to the Defendant.  The Defendant also agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the defendant's interest in the above-described property to the United States.

28.    The defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

29.    The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property.  The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## DEFENDANT'S OBLIGATIONS

30.    The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to Defendant's true identity, citizenship status, and any prior criminal convictions.  The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation.  The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

31.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

32.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless:  (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.  Furthermore, Defendant understands that if the court rejects the plea agreement, whether or not Defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and Defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

33.     The defendant will not willfully fail to appear for any court appearance in this matter.

34.      The defendant agrees not to engage in conduct that would constitute a new local, state, or federal crime.

35.     The defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under USSG § 3C1.1.

WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

36.     The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed.  Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence, at or under the maximum statutory penalty authorized by law. This waiver, however, does not apply to, and expressly excludes, any order of restitution entered by the Court in excess of the amount that the Court

determines to correspond to the Social Security benefits earned by Walter Coffman that were received by the defendant. The defendant retains the right to appeal any restitution order in excess of that amount as well as any order of restitution entered by the Court. The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence. The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

37.     Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information.

38.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

39.     The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this

plea agreement and any addenda). There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

40. The defendant agrees that if the Court finds by a preponderance of the evidence that the defendant has violated any provision of this agreement, the United States will be released from its obligations under the agreement.

41. The defendant further agrees that in the event the Court finds that defendant has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty plea(s) entered pursuant to this agreement.

42. Following the Court's finding of a breach of this agreement by the defendant, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, the defendant waives any defense to that charge or charges based on the lapse of time between the entry of this agreement and the Court's finding of a breach by the Defendant.

## SPECIAL ASSESSMENT

43. At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $400.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

44. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree

18

and stipulate that this agreement will be considered part of the record of Defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.  This agreement is effective upon signature by the defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this _4th_ day of May, 2026.

TODD BLANCHE
Acting Attorney General
RYAN ELLISON
First Assistant United States Attorney

CLARA N. COBOS
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304 – Tel.

19

This agreement has been read to me in the language I understand, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
STEPHEN CRAIG CAMPBELL
Defendant

I am the attorney for STEPHEN CRAIG CAMPBELL. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
DAVID BENATAR
Attorney for Defendant

20