**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.** **No. 26CR2448 MIS**

**STEPHEN CRAIG CAMPBELL,**

**Defendant.**

**<u>DEFENDANT'S MOTION FOR DOWNWARD VARIANCE</u>**

Stephen Craig Campbell ("Mr. Campbell"), through counsel, respectfully gives notice that he is requesting that this Court vary downward from the calculated guideline range of 70-81 months (PSR ¶101). Mr. Campbell acknowledges the effective guideline range of 70-81 months in the PSR. He has filed a formal objection arguing that the guideline range should be reduced, as he should receive an offense level reduction pursuant to §2K2.1(b)(2).

Even if this Court is not persuaded that a reduction under §2K2.1(b)(2) is warranted, and overrules the objection, the Court can still consider arguments made in support of that objection as grounds for a variance.The parties have negotiated a plea agreement in this case that does not contain a downward variance or departure bar, thus allowing for Mr. Campbell to request a below guidelines sentence. Mr. Campbell respectfully asks this Court to find that a downward variance

variance

is appropriate in this matter, and sentence him to a 24 month sentence. A sentencing memorandum is due on or before August 27, 2026; Mr. Campbell will file one in this case.

When considering the 18 U.S.C. §3553(a) factors, there is sufficient mitigation to justify granting a downward variance. A below guidelines sentence would be sufficient, but not greater than necessary, to achieve the aims of sentencing set forth in 18 U.S.C. §3553(a), and would be reasonable under *United States v. Booker*, 543 U.S. 220 (2005).

## LEGAL STANDARD

When determining the sentence, the Court must consider the circumstances of the instant offense, the history and characteristics of the defendant, the available sentencing options, the applicable guidelines and policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution. 18 U.S.C. §3553(a)(1), (3)-(7). In addition to considering the foregoing factors, the sentence must be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C.A. §3553(a)(2), *see Pepper v. United States*, 562 U.S. 476, 491 (2011), which are that the sentence:

(A) Reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) Afford adequate deterrence to criminal conduct;
(C) Protect the public from further crimes of the defendant; and
(D) Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The statute also requires sentencing courts to consider: (i) the nature of the offense and the defendant's character; (ii) the available sentences; (iii) the Sentencing Guidelines and policy statements that the Sentencing Commission has promulgated; (iv) a policy favoring uniformity in

sentences for defendants who commit similar crimes; and (v) the need to provide restitution to victims. *See* 18 U.S.C. §3553(a)(1), (3)-(7).

The sentencing court's central task must be to impose a sentence "sufficient, but not greater than necessary," to comply with the purposes set forth in 18 U.S.C. §3553(a)(2). *Gall v. United States*, 552 U.S. 38, 49-50 (2007). A sentencing court should "engage in a holistic inquiry of the §3553(a) factors." *United States v. Barnes*, 890 F.3d 910, 916 (10th Cir. 2018)(citations omitted).

## DISCUSSION

### 1) In light of the 18 U.S.C. §3553(a) factors, a downward variance is warranted

Mr. Campbell respectfully requests a downward variance in this case to 24 months. In doing so, he notes the following:

1) Nature of the offense and the defendant's character – Mr. Campbell has accepted responsibility for his actions, and truthfully admitted the conduct comprising the counts of conviction. His crimes were non-violent in nature.

   Mr. Campbell is a 78 year old man who has been a valued member of the Weed, New Mexico community since 1999. He has served as a volunteer firefighter for the Weed and Pinon fire departments, assisting with over 200 fires and 100 emergency medical service runs. Mr. Campbell also advocated his community at Otero county commission meetings. He published a local newspaper called "The Weed Patch."

   Letters will be forthcoming and included with the sentencing memorandum. Mr. Campbell was a valued member of the Weed community and is deeply missed by many there.

   Mr. Campbell is starting to experience declining health, due to his advancing age. He suffers from short term memory loss, and tends to get confused under pressure. He is almost

completely deaf in his right ear, and requires the use of hearing aids. On March 17, 2025, while at the Dona Ana County Detention Center, Mr. Campbell had a medical emergency after falling to the ground. He suffered a two and a half inch cut on his head, and could not recall what had happened. The facility rehoused Mr. Campbell to a medical room.

Mr. Campbell has an enlarged prostate that requires surgery. The Otero County Prison Facility noted that Mr. Campbell is being monitored for benign prostatic hyperplasia with lower urinary tract symptoms; chronic kidney disease; abnormal kidney functions; and hearing aids;

2) The available sentences – the guidelines advise a sentence of 70-81 months in this case. There is no statutory minimum sentence for three of the four counts of conviction, signaling that there may be circumstances in which a downward variance or departure may be warranted. Only one of the counts carry a mandatory minimum, of 24 months;

3) The Sentencing Guidelines and policy statements that the Sentencing Commission has promulgated – as noted above, the Sentencing Guidelines suggest that a sentence of 70-81 months is the appropriate disposition in this case. While Mr. Campbell respectfully requests a downward variance to 24 months, the guidelines suggest that a sentence no greater than 70-81 months should be imposed in this case;

4) A policy favoring uniformity in sentences for defendants who commit similar crimes – JSIN data was not provided in this PSR; however, it is safe to say there are very few individuals facing a first time federal sentence at the age of 78. According to the Bureau of Prisons, only 3.2% of federal inmates nationwide are over the age of 65.[1] It is certainly

appropriate to consider Mr. Campbell's age, declining health, and positive contributions to his community over the past four decades when determining sentence;

5) Reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense –A two year sentence would be appropriate for a 78 year old facing his first criminal sentence. The Guidelines suggest a sentence of 70-81 months would be appropriate in this case; anything greater than that would be disproportionately punitive, given the lack of criminal history, Mr. Campbell's age and characteristics, and the positive contributions Mr. Campbell has made to his community over the past four decades. Further, Mr. Campbell has received, and continues to receive, just punishment for his offense. He is not escaping punishment-free in this case. He has remained in continuous custody since his arrest. Even under the proposed defense sentence, he will have a balance to do in custody, as well as a term of supervised release to follow. Throughout his time in custody, he has been the among the oldest, if not the oldest, in his pod, and will likely continue to be so;

6) Afford adequate deterrence to criminal conduct – this time in custody has been, by far, the longest time spent in custody in Mr. Campbell's life. While incarcerated, he has had no disciplinary issues. There is nothing to suggest that Mr. Campbell will continue, or is even in a position to continue, to engage in further illegal behavior upon completion of his sentence;

7) Protect the public from future crimes of the defendant – Mr. Campbell will be required to serve a term of supervision upon completion of his period of incarceration. He will be subject to further incarceration were he to violate the terms of that supervision. Mr. Campbell is 78 years old with increasing health issues, greatly reducing his chances of

committing further crimes. He was and continues to be a valued member of his community, and has significant community support once he completes all legal obligations;

8) Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner – Mr. Campbell is 78 years old, and thus does not need educational or vocational training. However, he is advancing in age and has increasing health issues with each passing year, as detailed above. The most effective sentence, balancing out all factors, is a term of supervised release where Mr. Campbell can work in coordination with probation to fulfill any financial responsibilities, address his medical concerns, and go back to being a positive contributer to his community.

**CONCLUSION**

For the reasons stated above, and as detailed further in his separately filed sentencing memorandum, Defendant Stephen Campbell respectfully requests a downward variance to 24 months. Such sentence would be sufficient, but not greater than necessary, to satisfy the statutory purposes of sentencing set out in 18 U.S.C. §3553(a).

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
506 S. Main, Suite 400
Las Cruces, New Mexico 88001
(575) 527-6930

By: /s/ David Benatar
David Benatar
Assistant Federal Public Defender