IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 2:26-CR-2448-MIS** |
| **vs.** | ) | |
| | ) | |
| **STEPHEN CRAIG CAMPBELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION TO PRESENTENCE REPORT**

The United States hereby responds to the Defendant's Objection to Presentence Report, and respectfully requests it be denied in part. The Defendant raises three main objections: 1) an objection to restitution, 2) an objection to the total offense level in the Guideline calculation, and 3) the PSR's inclusion of the Defendant's unresolved pending charge in Wyoming.

The United States submits that is not seeking restitution. Accordingly, the Government will limit its response to Defendant's objections to the total offense level calculation, including his claim that he should receive a reduction under U.S.S.G. § 2K2.1(b)(2), and to the objection to the PSR's reference to the pending charge.

The United States respectfully requests that the Court overrule both objections, find that the total offense level has been properly calculated, and conclude that the PSR's reference to the pending charge is appropriate.

As grounds, the United States offers the following:

## I. BACKGROUND REGARDING FIREARM SEIZURE

On February 14, 2025, FBI agents obtained authorization to arrest the defendant and search his property in Weed, New Mexico. *See* PSR ¶¶ 20–23. At approximately 6:30am on February 19, 2025, FBI SWAT teams from Albuquerque, New Mexico and El Paso, Texas, along with a Customs and Border Patrol Black Hawk helicopter and FBI surveillance airplane, approached the defendant's property. *Id*. As ground agents got closer to the defendant's home, air surveillance observed the defendant exit the backside of his home and head into the wood line. *Id*.

SWAT agents deployed flash bangs and initiated call outs to the defendant; however, he remained in the wood line area. *Id*. The defendant, who was donning camouflage, walked out from the wood line and initially walked away from the agents along the backside of his house. *Id*. After additional commands from agents, the defendant complied and was subsequently arrested. *Id*. A loaded rifle was then located in the wood line area by agents. *Id*.

The defendant was then asked about his observations of the SWAT teams' approach to his residence. *Id*. The defendant stated that the airplane was out too early and had woken him up. *Id*. He also stated that the SWAT team came up fast and the "amount of people they bring stops people from wanting to put up a fight." *Id*. The defendant then confirmed he possessed the located rifle when he was initially contacted. *Id*. It is also noted that the defendant dropped hearing protection, typically used when shooting a firearm, and a baseball cap once he surrendered to agents. *Id*. The firearm possessed by the defendant was later identified as a FAL, 7.62x51mm rifle, which was outfitted with a scope and was loaded with a high-capacity magazine containing 20 rounds of ammunition. *Id*. Additionally, a round of ammunition was chambered in the rifle. *Id*. Agents later noted that the firearm possessed by the defendant was

especially dangerous because the high-powered ammunition it fires can pierce standard body armor. *Id*. It was also determined that the firearm was not manufactured in the state of New Mexico and therefore, had traveled in and affected interstate commerce. *Id*.

During the search of the defendant's property, an additional 56 firearms, large quantities of ammunition and firearm magazines were located. *Id*. Because the defendant was a fugitive from justice, he was prohibited from possessing firearms or ammunition. *Id*.

## II. ARGUMENT

### A. <u>Reduction Pursuant to § 2K2.1(b)(2) Not Applicable</u>

In this case, Defendant objects to the total offense level set forth in paragraph 43 of the PSR, arguing that he is entitled to an adjustment pursuant to U.S.S.G. § 2K2.1(b)(2). Defendant contends that Defendant's well-documented use of firearms for recreation, sport, and collection falls within the conduct contemplated by § 2K2.1(b)(2) and cannot be negated by an alleged one-time use of a firearm for personal protection or self-defense. The Government disagrees.

To begin, Defendant bears the burden of demonstrating that the sporting-purposes or collection exception under U.S.S.G. § 2K2.1(b)(2) applies. *United States v. Hanson*, 534 F.3d 1315, 1317 (10th Cir. 2008). Section 2K2.1(b)(2) provides:

> If the defendant ... possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level 6.

The commentary to § 2K2.1(b)(2) further explains that whether the firearms were possessed for "lawful sporting purposes or collection" is determined by the surrounding circumstances. Relevant considerations include the number and type of firearms, the amount

and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history, including any prior convictions involving firearms, and the extent to which possession was restricted by local law.

Defendant attempts to meet his burden by characterizing his possession and use of the firearms as "innocent possession" and comparing his circumstances to those in *United States v. Collins*, 313 F.3d 1251 (10th Cir. 2002). In *Collins*, the Tenth Circuit held that the defendant's twice using a firearm as collateral did not, standing alone, preclude application of the reduction.

Defendant's circumstances, however, are materially different from those in *Collins*. Unlike the defendant in *Collins*, Defendant possessed 57 firearms and was found in possession of a high-powered rifle with a round chambered and ready to fire. At the time law enforcement arrived, Defendant was wearing camouflage and hearing protection and had positioned himself in a strategic location. These circumstances are inconsistent with the notion that the rifle was possessed solely for lawful sporting purposes or collection. Rather, the circumstances support the conclusion that Defendant used or intended to use the rifle for personal protection or to defend himself against law enforcement during the execution of an arrest warrant.

The circumstances here are also materially different from those in *Collins* in another significant respect. The defendant in *Collins* was not merely in possession of a large collection of firearms under the circumstances presented here, nor was he wanted for attempted murder and living as a fugitive for decades. Defendant's extensive firearm collection, the manner in which he possessed the rifle, and the circumstances surrounding his encounter with law enforcement weigh heavily against application of the reduction.

Moreover, Defendant has not satisfied his burden because the Guidelines require proof for *each* firearm at issue. Defendant therefore must establish that the exception applies to each

of the 57 firearms involved here, Defendant has not established that each firearm was possessed solely for lawful sporting purposes or collection. His burden has therefore not been met, and the reduction under § 2K2.1(b)(2) is unwarranted.

**B. The PSR's reference to Defendant's Pending Charge is Appropriate**

Under Federal Rule of Criminal Procedure 32, a defendant has an obligation to allege factual inaccuracies in the presentence report, and the district court may accept any undisputed portion of the presentence report as a finding of fact. *See* Fed.R.Crim.P. 32(f) and (i)(3)(A). Because "accuracy is paramount in the sentencing process" parties have an obligation to object to the inaccuracies in the presentence report as part of the "focused, adversarial development of the factual and legal issues" relevant in determining the appropriate sentence. *United States v. Virgen–Chavarin,* 350 F.3d 1122, 1132 (10th Cir.2003) (internal quotation marks omitted).

As such, the mere fact that Defendant disputes the pending charge does not require the information to be excluded from the PSR. Rather, Rule 32 requires Defendant to identify the specific factual allegations he disputes. Here, Defendant has not identified any particular facts concerning the pending charge out of Wyoming that he contends are inaccurate.

**III. CONCLUSION**

Accordingly, the United States maintains that the total offense level has been correctly calculated and that Defendant has not met his burden to establish eligibility for a reduction under § 2K2.1(b)(2). The United States further asks the Court to find that inclusion of Defendant's pending criminal charge in the PSR is proper, and that Defendant has failed to make any sufficiently specific objection to the report.

Respectfully submitted,

TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

/s/ Clara Cobos filed 8/27/2026
CLARA COBOS
Assistant United States Attorney
200 N. Church Street
Las Cruces, New Mexico 88001
(575) 323-5290

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 27, 2026, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties and counsel of record to be served, as more fully reflected on the Notice of Electronic Filing.

/s/ Clara Cobos filed 8/27/2026
CLARA COBOS
Assistant United States Attorney