IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 2:26-CR-2448-MIS** |
| **vs.** | ) | |
| **STEPHEN CRAIG CAMPBELL,** | ) | |
| **Defendant.** | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM**

The United States hereby responds to the Defendant's Motion for a Downward Variance and Defendant's Sentencing Memorandum. Doc. 48 and 51. The Defendant requests that the Court vary from the applicable guideline range of 70-81 to a specific sentence of 24 months. For the reasons set forth below, the United States requests that the Court deny the defendant's request.

## I. BACKGROUND

On May 26, 2026, the Defendant pled guilty to a four-count Information charging Count 1: Misuse of a Passport; Count 2: Possession of False Papers to Defraud U.S.; Count 3: Aggravated Identity Theft; and Count 4: Fugitive from Justice in Possession of a Firearm and Ammunition. PSR at 4.

The PSR reflects that, prior to his arrest, Defendant remained a fugitive from justice for more than 40 years while an attempted murder charge remained pending against him in Wyoming. *See* PSR at 4.

In 1982, the Defendant allegedly created a homemade destructive device which exploded when his ex-wife opened the package it was contained in. *Id*. Consequently, his ex-wife suffered severe lacerations and lost one of her fingers. *Id*. The explosion also caused a fire in his ex-wife's apartment unit which then spread to a second apartment unit. *Id*.

After being formally charged, the Defendant went to lengths to conceal his true identity as a fugitive. *Id*. The Defendant stole and assumed the identity of Walter Lee Coffman, a deceased classmate, and fraudulently obtained a U.S. passport in 1984. *See* PSR at 4. Through the use of the fraudulent passport, a means of identification, the Defendant was able to unlawfully obtain a replacement Social Security card, renewal passports, and a New Mexico Driver's license. *Id*. The Defendant also fraudulently received $138,000 in Title II Retirement Insurance Benefits through the Social Security Administration under the false identity of Coffman. *Id*. During his time as a fugitive, Defendant accumulated more than 50 firearms, including a semiautomatic firearm capable of accepting a large-capacity magazine, while living off the grid on a large property surrounded by the Lincoln National Forest. *Id.*

## II. ARGUMENT

In his request for a variance and subsequent sentencing memorandum, Defendant seeks a 24 month sentence, asking the Court to impose a downward variance equivalent to a ten-level reduction based on his advanced age, declining health, status as a valued member of the community, and the assertedly nonviolent nature of the offense. *See* Docs. 48, 51.

This Court should reject the defendant's request for a variance to a 24 month sentence because the factors set forth in 18 U.S.C. § 3553(a) do not support a sentence outside the applicable guideline range. The United States respectfully requests a sentence within the guideline range, which appropriately reflects the seriousness of the Defendant's offense,

promotes respect for the law, and provides just punishment and adequate deterrence without imposing a sentence greater than necessary.

In considering the factors set forth in 18 U.S.C. § 3553(a), the Court should recognize that the Defendant did not merely possess fraudulent documents and firearms in violation of federal law; he spent more than four decades evading law enforcement after being charged with a violent offense. *See* PSR at 4. Defendant was wanted on attempted first-degree murder charges arising from allegations that he planted an explosive device in a toolbox outside the home of his estranged wife. *Id*. His efforts to evade detection were extensive and deliberate. He assumed the identity of a deceased college classmate and, for decades, used that identity to obtain a U.S. passport, secure a replacement Social Security card, and purchase property in New Mexico.

Defendant's conduct also demonstrates that his willingness to evade law enforcement extended to his conduct at the time of his arrest. When law enforcement officers confronted him, Defendant allegedly positioned himself in a strategic location and was armed with a scoped rifle. *See* PSR at 4. Following repeated commands and the deployment of flashbangs, Defendant ultimately emerged from the tree line and was detained. *Id*. The rifle was loaded with high-powered ammunition capable of penetrating standard body armor. *Id*. A subsequent search uncovered over 50 firearms and large quantities of ammunition. *Id*.

Taken together, these circumstances demonstrate that Defendant's offense is far more serious than the mere technical possession of fraudulent documents and firearms. His conduct reflects a decades long effort to evade law enforcement, the deliberate assumption of another person's identity to conceal his location, and the accumulation of a substantial amount of firearms and ammunition while living as a fugitive. These circumstances weigh strongly against the extraordinary downward variance Defendant requests and demonstrate the need for a

sentence that reflects the seriousness of his conduct.

Additionally, the Defendant's asserted grounds for a 24 month sentence such as age, health, community involvement, and nature of the crime do not distinguish him from other similarly situated individuals. Accordingly, granting the Defendant's substantial request could create, rather than remedy, an unwarranted disparity.

The advisory guidelines are the sole means available for assuring some measure of uniformity in sentencing, fulfilling a primary Congressional goal in adopting the Sentencing Reform Act of 1984. Prior to the Sentencing Guidelines, "[s]erious disparities in sentences ... were common." *Mistretta v. United States,* 488 U.S. 361, 365 (1989). "The goal of the Sentencing Guidelines is ... to reduce unjustified disparities and so reach towards the evenhandedness and neutrality that are the distinguishing marks of any principled system of justice." *Koon v. United States,* 518 U.S. 81, 113 (1996). As the Tenth Circuit has noted, "[t]he federal courts have been striving towards this worthy goal since 1987." *United States v. Gonzales-Huerta,* 403 F.3d 727, 738 (10th Cir. 2005).

For all these reasons, the advisory guideline range merits considerable deference. The United States acknowledges that the Guidelines are fully advisory and that district courts possess discretion to vary either downward or upward. Even so, in this case the government submits that the balance of the § 3553(a) factors supports imposing a sentence within the recommended Guidelines range.

## III. CONCLUSION

For these reasons, the United States respectfully asks the Court to deny the Defendant's request for a downward variance to a 24 month sentence. Accordingly, the United States requests a sentence within the advisory guideline range, as it appropriately reflects the

seriousness of the offense and promotes respect for the law while remaining no greater than necessary to provide just punishment and adequate deterrence.

Respectfully submitted,

TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

/s/ Clara Cobos filed 8/27/2026
CLARA COBOS
Assistant United States Attorney
200 N. Church Street
Las Cruces, New Mexico 88001
(575) 323-5290

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 27, 2026, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties and counsel of record to be served, as more fully reflected on the Notice of Electronic Filing.

/s/ Clara Cobos filed 8/27/2026
CLARA COBOS
Assistant United States Attorney